**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| RAMONA E. LADD, | § | |
| | § | Case No. 1:17-cv-00424 |
| Plaintiff | § | |
| | § | |
| -v- | § | |
| | § | COMPLAINT |
| NAVIENT SOLUTIONS, INC. | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## INTRODUCTION

1. Defendant Navient Solutions, Inc. ("Defendant") harassed Plaintiff Ramona E. Ladd ("Plaintiff") for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, and Plaintiff had explicitly revoked her consent to receive phone calls on numerous occasions.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because the calls brought on depression, feelings of anxiety and hopelessness, caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with his ability to make and receive phone calls on her cellular telephone.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Grant, County of Newaygo, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the TCPA.

11. Defendant is a corporation with its principal place of business in Wilkes-Barre, PA and conducting business through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Rd., East Lansing MI 48823.

12. Defendant conducts the servicing and collection of student loan obligations.

13. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

14. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

15. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

16. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## **FACTUAL ALLEGATIONS**

18. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

19. Plaintiff's obtained several student loan obligations for her education, and despite her best efforts, has been unable to repay her obligations.

20. In or around November of 2016 Plaintiff received a telephone call from Defendant and instructed them not to call her any longer.

21. Despite Plaintiff's clear instructions not to contact her, Defendant continued to call her cellular telephone multiple times per day.

22. Despite Plaintiff's explicit instructions to not contact her via telephone, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least one hundred fifty (150) times.

23. These calls were not made for emergency purposes.

24. Defendant placed these calls repeatedly and continuously, often multiple times per day.

25. When Plaintiff would answer phone calls from Defendant she would often hear a beep followed by a pre-recorded/synthesized message. Other times Plaintiff would hear a long pause or "dead air" before a live person would come on the line.

26. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

27. When Plaintiff did speak with a representative, she repeatedly instructed them not to call her any longer.

28. All calls and messages were sent in willful violation of the TCPA as Plaintiff had explicitly revoked her consent to receive such calls, and Defendant had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to her cell phone or to send his prerecorded and/or synthesized messages on his cell phone.

29. Defendant's incessant and obnoxious placement of calls to Plaintiff caused her great frustration and would often bring on headaches, as well as feelings of anxiety and hopelessness.

30. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint were illegal attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

*Summary*

31. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

32. These autodialed collection calls disrupted Plaintiff's sleep.

33. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

34. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (941) XXX-9035 for which the Plaintiff paid money.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

36. Plaintiff incorporates the foregoing paragraphs by reference.

37. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

38. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

39. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

c) An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

| Dated: May 8, 2017 | Respectfully submitted: |
|---|---|
|  | __/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |